**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 26-215** |
| **RAHMEIR HAYS**<br>**a/k/a "Sparx"** | : | |

# GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

## I. BACKGROUND

Defendant Rahmeir Hayes, a/k/a "Sparx," was charged by information with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count One), and murder in the course of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(j)(1) and 2 (Count Two). The charges arise from Hayes' participation in the Omerta enterprise, a Philadelphia-based criminal organization operating primarily in the Strawberry Mansion neighborhood of North Philadelphia, and his role in the November 29, 2021, murder of S.J. The defendant has notified the government through his counsel that he wishes to plead guilty to the information pursuant to a written guilty plea agreement.

## II. APPLICABLE STATUTES AND ESSENTIAL ELEMENTS OF THE OFFENSES

### A. Conspiracy to Commit Murder in Aid of Racketeering, in violation of of 18 U.S.C. § 1959(a)(5) (Count One).

To establish a conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), the government must prove the following elements beyond a reasonable doubt:

(1) The enterprise charged in the information existed;

(2) The enterprise was engaged in racketeering activity;

(3) The defendant was associated with the enterprise;

(4) The defendant knowingly agreed with at least one other person to commit murder in violation of Pennsylvania law;[1] and

(5) The defendant entered into that agreement for the purpose of gaining entrance to, maintaining, or increasing his position in the enterprise.

**B. Murder in the Course of Using and Carrying a Firearm During and in Relation to a Crime of Violence, in Violation of 18 U.S.C. § 924(j)**

To establish a violation of 18 U.S.C. § 924(j), the government must prove that:

(1) The defendant committed the crime of violence charged in the information;

(2) The defendant used and carried a firearm during and in relation that crime of violence; and

(3) In the course of using that firearm, the defendant caused the death of the victim.

**C. Aiding and Abetting, in Violation of 18 U.S.C. § 2**

In order to prove the defendant guilty of aiding and abetting, the government must establish that:

(1) That a defendant committed the offense charged by committing each of the elements of the offense charged;

(2) That the defendant knew that the offense charged was going to be committed or were

[1] Title 18, Pennsylvania Consolidated Statutes Annotated, Section 2502(a), provides in pertinent part, that:

> (a) Murder of the first degree— a criminal homicide constitutes murder in the first degree when it is committed by an intentional killing;
> (b) Murder of the second degree—a criminal homicide constitutes murder of the second degree when it is committed while a defendant was engaged as a principal or an accomplice in the perpetration of a felony;
> (c) Murder of the third degree—all other kinds of murder shall be murder of the third degree;

and defines an "intentional killing" as any "killing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing."

Title 18, Pennsylvania Consolidated Statutes Annotated, Section 2501 states, "a person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."

being committed by the other defendant;

(3) That the defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging, the other defendant in committing the specific offense charged and with the intent that the defendants commit that specific offense; and

(4) That the defendant performed an act in furtherance of the offense charged.

## III. MAXIMUM PENALTIES

The maximum sentence for Count One, charging conspiracy to commit murder in aid of racketeering, a term of imprisonment of 10 years, a term of supervised release of 3 years, a fine of $250,000, and a special assessment of $100. For Count Two, charging murder in the course of using and carrying a firearm during and in relation to a crime of violence, and aiding and abetting, life imprisonment, a term of supervised release of 5 years, a fine of $250,000, and a special assessment of $100.

The total permissible statutory maximum sentence is a term of imprisonment of life, a term of supervised release of 5 years, a fine of $500,000, and a special assessment of $200. Forfeiture of all property involved in the offense may also may be ordered.

## IV. FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

**Count One — Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5)**

Omerta was a local criminal organization, based in the Strawberry Mansion neighborhood of North Philadelphia, specifically in and around the area between 25th and 30th Streets in that

neighborhood. Omerta planned and committed criminal activity, including murders, murder for hire, attempted murders, shootings, firearm possession, counterfeiting, money laundering, illegal gambling, obstruction of justice, robbery, drug trafficking, and mail and wire fraud related to COVID-19 relief payments. Omerta existed to enrich its members through murder for hire, gambling, counterfeiting, fraud, robbery, and drug trafficking. Omerta also existed as a means for its members to establish a territory between 25th and 30th Streets in the Strawberry Mansion neighborhood. This territory existed to help Omerta protect its members, its enterprise activities, and to help Omerta members promote their identity and image associated with their territory. Omerta members used social media to promote Omerta's identity and image; to conduct gang meetings; and to organize, plan, and coordinate acts of violence, retaliation, and other criminal activity. Omerta also used music and music videos to enrich themselves; to promote their identity and image; to recruit new members; to promote their violent acts; and to insult rival gangs and gang members.

The purpose of the Omerta enterprise was to enrich its members and associates through criminal activities, including counterfeiting U.S. currency, robbery, theft, drug trafficking, and fraud, and to preserve and protect the power, territory, and profits of the organization through acts of intimidation, threats, and violence. Omerta members used firearms to protect gang territory, retaliate against rivals, and enforce discipline within the organization.

Omerta members and associates committed and agreed to commit acts involving murder, attempted murder, robbery, counterfeiting, fraud, drug trafficking, and firearms offenses. Omerta members also used social media and music to promote the enterprise's identity, glorify violence, insult rivals, recruit members, and discourage cooperation with law enforcement. Omerta, including its leadership, members, and associates, constituted an enterprise, as that term is defined by Title 18, United States Code, Sections 1959(b)(2), that is, a group of individuals

associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

On or about November 29, 2021, in Philadelphia, in the Eastern District of Pennsylvania, defendant Rahmeir Hayes conspired and agreed with other Omerta members to commit the knowing and intentional murder of S.J., who Omerta members believed had disrespected a deceased Omerta member. The murder conspiracy was committed for the purpose of maintaining and increasing Hayes' and others' positions in Omerta, an enterprise engaged in racketeering activity. The intended murder of S.J. violated Pennsylvania law, including Title 18, Pennsylvania Consolidated Statutes Annotated, Sections 903 and 2502(a).

**Count Two — Murder in the Course of Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(j)(1) and 2**

On November 29, 2021, members of the Philadelphia Police Department responded to a reported shooting near 131 West Wyoming Avenue in Philadelphia. Upon arrival, officers located 14-year-old S.J. suffering from multiple gunshot wounds to his torso. S.J. was transported to Temple University Hospital, where he was later pronounced dead. Crime Scene Unit personnel processed the scene and recovered substantial ballistic evidence, including fourteen fired .40 caliber cartridge casings and twenty-three fired 9mm cartridge casings. Additional ballistic evidence was recovered from S.J.'s body during the subsequent autopsy.

Investigators quickly learned that the shooting was a coordinated attack. A witness reported observing two vehicles approaching S.J. before multiple armed individuals exited the vehicles and opened fire. As S.J. attempted to flee, he fell to the ground, at which point one of

the assailants continued shooting him. The shooters then returned to the vehicles and fled the area.

The witness followed the fleeing vehicles to the 5400 block of North 6th Street, where both vehicles parked outside 5449 North 6th Street. The witness observed multiple individuals exit the vehicles and enter the second-floor residence at that address, later determined to be the home of co-defendant Jahlil Williams.

Philadelphia police responded to that location and detained two individuals, including co-defendant Kyair Garnett, as they exited the residence. Officers secured the premises while seeking a search warrant.

During a search of the residence, officers recovered four handguns from a hallway closet, including a Glock 22 loaded with an extended magazine, a stolen Glock 23, a Glock 19 with an obliterated serial number, and a Taurus G3 9mm handgun. Ballistics testing later established that shell casings recovered from the murder scene were fired from three of the four firearms recovered inside Williams's residence, directly linking those weapons to S.J. murder.

DNA and fingerprint evidence further connected the participants to the homicide. Co-defendant Haneef Roberson's DNA was recovered from the steering wheel of one of the vehicles used in the shooting. Rahmeir Hayes's DNA was recovered from a lighter found inside that same vehicle, and Hayes's fingerprint was recovered from the second vehicle used in the attack. Investigators also recovered Kyair Garnett's DNA from one of the firearms used in the murder.

The government's evidence would include, among other things, witness testimony, physical evidence, firearms evidence, communications evidence, social media evidence, and other evidence establishing Hayes' participation in the Omerta enterprise, the murder conspiracy, the murder of S.J., and the use and carrying of firearms in connection with that murder.

Through the above facts and others, the government would prove beyond a reasonable doubt that defendant Rahmeir Hayes knowingly and willfully joined the conspiracy to murder S.J. in aid of racketeering, and that he used and carried, and aided and abetted the use and carrying of, a firearm during and in relation to a crime of violence, causing the death of S.J.

## V. PLEA AGREEMENT

The parties have executed a plea agreement, that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI. CONCLUSION

The government requests that the Court conduct a hearing under Federal Rule of Criminal Procedure 11 and if warranted then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney

*/s/ Everett Witherell*
SHAYNA GANNONE
EVERETT WITHERELL
MEGHAN CLAIBORNE
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that this Change of Plea Memorandum has been served by electronic mail on:

Ken Edelin
Attorney for the Rahmeir Hayes

*/s/ Everett Witherell*
Everett Witherell
Assistant United States Attorney

DATED: June 1, 2026